IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| WHITE EAGLE ASSET PORTFOLIO, LP | ) ) ) | Case No. 18-12808 (KG) |
| Debtor. | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| WHITE EAGLE GENERAL PARTNER, LLC | ) ) ) | Case No. 18-12614 (KG) |
| Debtor. | ) ) | |
| In re: | ) ) ) | Chapter 11 |
| LAMINGTON ROAD DESIGNATED ACTIVITY COMPANY, | ) ) ) ) | Case No. 18-12615 (KG) |
| Debtor. | ) ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") for entry of an order (i) directing joint administration of chapter 11 cases and (ii) granting related relief. In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to

1

Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of title 11 of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Rules 1015-1 and 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

4. On November 14, 2018, Debtors White Eagle General Partner, LLC ("WEGP") and Lamington Road Designated Activity Company ("LRDA") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On the date hereof, White Eagle Asset Portfolio, LP ("WEAP") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. The Debtors are indirect subsidiaries of Emergent Capital, Inc. ("ECI"), a publicly traded company. ECI is a global leader in the life settlements industry.

7. Debtor WEAP owns a portfolio of 586 life insurance policies – also known as life settlements – with an aggregate death benefit of approximately $2.8 billion.

8. The partnership interests in WEAP are owned by Debtors WEGP and LRDA. WEGP is the general partner of WEAP, manages WEAP, and holds 0.10% of the interests therein. LRDA is the limited partner of WEAP and holds 99.90% of the interests therein.

9. A more detailed description of the business and operations of the Debtors, and the events leading to the commencement of these chapter 11 cases, is provided in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of First Day Motions*, filed concurrently herewith (the "Declaration") and incorporated herein by reference.[1]

## RELIEF REQUESTED

10. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) directing procedural consolidation and joint administration of these chapter 11 cases; and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of WEAP and that the cases be administered under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*, | ) ) | Case No. 18-12808 (KG) |
| Debtors. | ) ) ) | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Rd., Suite 710, Boca Raton, FL 33486.

11. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

12. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than WEAP to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: White Eagle Asset Portfolio, LP, Case No. 18-12808 (KG); White Eagle General Partner, LLC, Case No. 18-12614 (KG); and Lamington Road Designated Activity Company, Case No. 18-12615(KG). The docket in Case No. 18-12808 should be consulted for all matters affecting this case.

13. Finally, the Debtors seek authority to file the monthly operating reports required by the *Operating Guidelines and Reporting Requirements of the United States Trustee for Chapter 11 Debtors in Possession and Chapter 11 Trustees*, issued by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), on a consolidated basis, but the Debtors shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

## BASIS FOR RELIEF

14. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The three Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

15.     Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

16.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re VER Technologies Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (directing joint administration of chapter 11 cases); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 23, 2018) (same); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (SCC) (Bankr. D. Del. Dec. 13, 2017) (same); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Oct. 4, 2017) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 16, 2016) (same).[2]

17.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

18. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## NOTICE

19. The Debtors have provided notice of this Motion to the following parties or their respective counsel: (i) the Office of the United States Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Debtors' twenty largest unsecured creditors; (v) counsel to CMLG and LNV; and (vi) all other known parties asserting a lien against the Debtors' assets, by telecopy, email, overnight courier and/or hand delivery. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

20. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 13, 2018

PACHULSKI STANG ZIEHL & JONES LLP

 */s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 62337)
Robert J. Feinstein (NY Bar No. 1767805)
Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box. 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:     rpachulski@pszjlaw.com
            rfeinstein@pszjlaw.com
            jpomerantz@pszjlaw.com
            ikharasch@pszjlaw.com
            mlitvak@pszjlaw.com
            crobinson@pszjlaw.com

Proposed Counsel for the Debtors
and Debtors-in-Possession