# **EXHIBIT D**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 18-12808 (KG) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Related Docket No.** ___ |

### ORDER AUTHORIZING (A) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, (B) INTERCOMPANY TRANSACTIONS, (C) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS, AND (D) GRANTING RELATED RELIEF

Upon consideration of the *Motion of Debtors for Order Authorizing (A) Continuance of Existing Cash Management System, (B) Intercompany Transactions, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases; and this Court finding that (a) the relief granted in this Order is in the best interests of the Debtors' estates and creditors and other parties in interest; (b) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (d) due and adequate notice of the Motion was given under the circumstances; and after due deliberation and cause appearing therefor;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to continue operating the Cash Management System as described in the Motion and in a manner consistent with the Debtors' prepetition practices and this Order.

3. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to: (a) designate, maintain and continue to use, with the same account numbers, the Accounts in existence as of the Petition Date; (b) treat the Accounts for all purposes as debtor in possession accounts; and (c) use all existing Business Forms without reference to the Debtors' status as "debtor in possession" until such supply is depleted, after which the Debtors will use new Business Forms with the "debtor in possession" reference.

4. The Banks – Wilmington Trust, N.A. and Ulster Bank (Republic of Ireland) – are authorized to continue to service and administer the Accounts as debtor in possession accounts without interruption and in the usual and ordinary course of business, and to receive, process, honor, and pay any and all checks and drafts drawn on the Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided*, *however*, that any check that the Debtors advise to have been drawn or issued by the Debtors before the Petition Date may be honored only if specifically authorized by order of this Court.

5. Except as modified by this Order, the Debtors' existing agreements with the Banks and with respect to the transfers to and from the Accounts shall continue to govern the postpetition cash management relationship between the Debtors and the Banks. In the course of providing cash management services to the Debtors, the Banks are authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, their

routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

6. The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions. The Debtors shall provide a report to counsel to the Prepetition Agent on a weekly basis describing all transfers of funds (including any Intercompany Transactions), which report shall include, for each such transfer, the name of the Debtor transferor, the name of the transferee, and the amount of the transfer.

7. The Debtors are authorized to make the Intercompany Transactions consistent with the Motion, this Order, and the budget described in any order approving the use of cash collateral and/or postpetition financing (a "Budget"). For the avoidance of doubt, the Debtors shall not be permitted to make any Intercompany Transaction, or otherwise directly or indirectly transfer cash, to any non-Debtor affiliate of the Debtors that is not set forth in the Budget or otherwise consented to in writing beforehand by the Prepetition Agent.

8. Notwithstanding anything to the contrary contained in the Prepetition Loan Agreement or the Account Control Agreement, the transfers between Accounts contemplated in the Motion and as authorized by the Budget shall be permitted. The terms of the Account Control Agreement shall continue in full force and effect except (and only) to the extent

3

that such terms contradict the explicit terms of this Order. So long as any Cash Collateral is held by a Debtor, notwithstanding any Intercompany Transactions or transfers of funds from one Account to another Account (regardless of whether any such Accounts are subject to the Account Control Agreement), the Prepetition Secured Parties' liens and security interests with respect to such Cash Collateral shall continue with the same validity, enforceability and priority as existed on the Petition Date.

9. Nothing contained herein shall prevent the Debtors from closing any Accounts as they may deem necessary and appropriate with the prior written consent of the Prepetition Agent, and any relevant Bank is authorized to honor the Debtors' request to close such Accounts, and the Debtors shall give notice of the closure of any Accounts to the U.S. Trustee.

10. The Debtors are authorized to open new bank accounts with the prior written consent of the Prepetition Agent; *provided*, *however*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Order, be deemed an Account as if it had been listed in the Motion; *provided*, *further*, that (a) any such new bank account shall be opened at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to immediately execute such an agreement, (b) any such new bank account shall be designated as a "debtor in possession" account by the relevant bank, and (c) such opening shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within 14 days to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

5

12. Nothing herein shall, or is intended to, (i) create any rights in favor of or enhance the status of any claim held by any party or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

13. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

14. This Order shall be served promptly by the Debtors on the Banks and all parties in interest who were served by the Motion and all other parties who file a request for notice under Bankruptcy Rule 2002.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, or interpretation of this Order.

Dated: December __, 2018

                    HONORABLE KEVIN GROSS
                    UNITED STATES BANKRUPTCY JUDGE