IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | ) | Case No. 18-12808 (KG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**APPLICATION OF DEBTORS PURSUANT TO SECTION 327(a)
OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR
AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG
ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS
IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (the "Debtors") hereby seek entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtors to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as counsel for the Debtors *nunc pro tunc* to the Petition Date (the "Application"). In support of the Application, the Debtors rely on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Richard M. Pachulski in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738).  The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

*of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* (the "<u>Pachulski Declaration</u>"), which are being submitted concurrently with the Application. In support of this Application, the Debtors respectfully state the following:

### **JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**BACKGROUND**

4. On November 14, 2018 (the "Petition Date"), White Eagle General Partner, LP and Lamington Road Designated Activity Company commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On the date hereof, White Eagle Asset Portfolio, LP filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of First Day Motions*, filed concurrently herewith (the "Declaration") and incorporated herein by reference.[2]

**RELIEF REQUESTED**

7. By this Application, the Debtors seek to employ and retain PSZ&J as its bankruptcy counsel with regard to the filing and prosecution of these chapter 11 cases and all related proceedings. Accordingly, the Debtors respectfully request that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the Debtors to employ and retain PSZ&J as its bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these chapter 11 cases

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

pursuant to the terms set forth in the Application and the Pachulski Declaration *nunc pro tunc* to the Petition Date.

8.  The Debtors seek to retain PSZ&J as counsel because of its extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. In preparing for PSZ&J's representation of the Debtors in these cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases.

9.  The professional services[3] that PSZ&J will provide include, but shall not be limited to:

   a.  providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their property;

   b.  preparing on behalf of the Debtors any necessary applications, motions, answers, orders, reports, and other legal papers;

   c.  appearing in Court on behalf of the Debtors;

   d.  preparing and pursuing confirmation of a plan and approval of a disclosure statement; and

   e.  performing other legal services for the Debtors that may be necessary and proper in these proceedings.

10.  Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus

---

[3] Further information regarding PSZ&J's compliance with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases* is set forth in the Pachulski Declaration.

DOCS_SF:98237.1 93856/001

reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The current standard hourly rates of PSZ&J's professionals are:

| | | |
|---|---|---|
| a. | Partners | $650.00 to $1,295.00 |
| b. | Of Counsel | $595.00 to $1,025.00 |
| c. | Associates | $495.00 to $595.00 |
| d. | Paraprofessionals | $295.00 to $395.00 |

11. The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases.  These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court.  PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

12. To the best of the Debtors' knowledge, except as otherwise disclosed in the Pachulski Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estate, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

13. PSZ&J received payment on behalf of the Debtors from their ultimate parent, Emergent Capital, Inc., during the year prior to the Petition Date in the amount of $500,000, including the Debtors' aggregate filing fees for these cases, in connection with its representation of the Debtors. PSZ&J is current as of the Petition Date, but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payment to PSZ&J will be credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

14. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Pachulski Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

## NOTICE

16. Notice of this Application shall be provided to the following parties, or their counsel, if known: (i) the Office of the United States Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Debtors' twenty largest unsecured creditors; (iv) counsel to CMLG and LNV; (v) Wilmington Trust, N.A.; and (vi) all other known parties asserting a lien against the Debtors' assets. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17. No prior request for the relief sought in this Application has been made to this Court or any other court.

[*remainder of page intentionally left blank*]

DOCS_SF:98237.1 93856/001

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: December 13, 2018

WHITE EAGLE ASSET PORTFOLIO, LP, *ET AL.*

_____
Miriam Martinez, Chief Financial Officer