IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] ) | Case No. 18-12808 (KG) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | **Re: D.I. 9** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and the Court having found that the Court has jurisdiction to consider the Motion; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish good and just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:98798.3 93856/002

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Professionals, all Professionals in these Chapter 11 cases retained by the Debtors or any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or before the 25th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by overnight mail on each of the following parties (collectively, the "Notice Parties"):

      (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Colin R. Robinson, Esq.; and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Richard M. Pachulski, Esq.;

      (2) counsel to CLMG Corp. and LNV Corporation, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Thomas Lauria, Esq., David Turetsky, Esq., and Andrew Zatz, Esq.;

      (3) the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Juliet M. Sarkessian, Esq.; and

      (4) counsel to any official committee of unsecured creditors appointed in these cases.

   b. Any Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month

or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

c. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Professional's Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period on the applicable Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

d. Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Professional an amount (the "Reduced Monthly Payment") equal to the lesser of (i) the Maximum Monthly Payment and (ii) 80% of the fees and 100% of the expenses that, in each case, are not subject to a Notice of Objection.

e. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in an Reduced Monthly Payment (an "Incremental Resolution Payment"). If, however, the parties are unable to reach a complete resolution of the objection within ten days after service of the Notice of Objection, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Professional

(the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f. At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

(1) the Monthly Fee Applications that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date;

(4) the amount of fees and expenses subject to an Objection;

(5) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

(6) any other information requested by the Court or required by the Bankruptcy Rules or Local Rules.

g. Objections, if any, to an Interim Fee Application shall be filed and served upon the Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application.

(1) The Debtors will request that the Court schedule a hearing on the Interim Fee Applications at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

(2) The first Interim Fee Period will cover the applicable postpetition period from November 2018 through February

2019. Thus, the first Interim Fee Period will cover the applicable Petition Date through February 28, 2019. Each Professional must file and serve its first Interim Fee Application on or before the 45th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Applications must be filed on or before April 14, 2019.

(3) The pendency of an Objection to a request for payment of compensation or reimbursement of expenses will not disqualify a Professional from the payment of any other request for payment of compensation or reimbursement of expenses under the Interim Compensation Procedures (provided that such other request is not the subject of a pending Objection). Any Professional that fails to file a Monthly Fee Application or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or reimbursement of expenses under the Interim Compensation Procedures until such Monthly Fee Application or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

(4) Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection, or the service of or failure to serve a Notice of Objection, will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Professionals, and all parties' rights with respect to any Final Fee Application are fully reserved. All fees and expenses paid to Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. Each member of the Committee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with the Compensation Procedures. Approval of the

Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4. Approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

5. The Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

6. In each Interim Fee Application and Final Fee Application, all attorneys and professionals who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code, unless such attorney or professional is retained by the Debtors pursuant to the *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by Debtors in the Ordinary Course of Business*, shall (a) apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (b) make a reasonable effort to comply with the U.S. Trustee's requests for information and

additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

7. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

8. The Debtors shall include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Professionals.

9. Notwithstanding anything to the contrary in this Order, to the extent a Professional provides services to the Debtors and any non-Debtor(s), the rights of CLMG Corp. and LNV Corporation with respect to the appropriate allocation of any fees and expenses of such Professional, as among the Debtors and any non-Debtor(s), are expressly reserved. Consistent with the terms of this Order, CLMG Corp. and LNV Corporation may object to the allocation of any such fees and expenses or any related payment by or purported liability of the Debtors, which objection, if not resolved consensually, shall be adjudicated by the Court. To the extent that any objections with respect to the allocation of any fees and expenses are asserted by CLMG and LNV, the Debtors reserve all rights to respond to any such objections as appropriate.

10. The payments authorized under this Order shall be subject to any order approving the use of cash collateral and/or postpetition financing, including the budget thereunder.

11. Nothing in this Order shall bind any party in interest or the Court with respect to the interim or final allowance of applications for payment of compensation and reimbursement of expenses of Professionals, and all parties' rights with respect to any Interim Fee Application or Final Fee Application are fully reserved.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: January 15th, 2019**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**