UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re White Eagle Asset Portfolio, LP, et al.  
    Debtor

Case No. 18-12808 (KG)

### INITIAL MONTHLY OPERATING REPORT
File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| 12-Month Cash Flow Projection (Form IR-1) | | Budget |
| **Certificates of Insurance:** | | |
|    Directors & Officers Liability | X | |
|    Employers' Liability | X | |
|    Other:_____ | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
|    Borrower Account | | Cash Management Order |
|    Collection Account | | Cash Management Order |
|    Escrow Account | | Cash Management Order |
|    Payment Account | | Cash Management Order |
|    Policy Account | | Cash Management Order |
|    Euro Account | | Cash Management Order |
|    USD Account | | Cash Management Order |
| **Retainers Paid (Form IR-2** | X | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____  
Signature of Debtor

_____  
Date

_____  
Signature of Joint Debtor

_____  
Date

_[signature]_  
Signature of Authorized Individual*

[1] Identify all Evergreen Retainers

_____  
Date

Miriam Martinez  
Printed Name of Authorized Individual

Chief Financial Officer  
Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

FORM IR
(4/07)

## White Eagle Cash Forecast

*All of the Debtors and CLMG and LNV's rights with respect to any future budget are reserved in full, and any agreement on amounts or types of expenses set forth in this interim budget are not, in any way, intended to suggest approval of any similar amounts or types of expenses in any future budget.*

| Week Ending: | 1<br>12/07/18 | 2<br>12/14/18 | 3<br>12/21/18 | 4<br>12/28/18 | 5<br>01/04/19 | 6<br>01/11/19 | 7<br>01/18/19 |
|---|---|---|---|---|---|---|---|
| **Beginning, Total Cash Balance** | $ 33,160,283 | $ 35,328,385 | $ 32,292,826 | $ 31,077,673 | $ 28,811,063 | $ 26,973,919 | $ 23,777,292 |
| **Cash Received** | | | | | | | |
| Facility Draw, Premiums | $ 4,220,930 | $ - | $ - | $ - | $ - | $ - | $ - |
| Facility Draw, Expenses | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Collection, Death Benefits | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **Total Cash Received** | $ 4,220,930 | $ - | $ - | $ - | $ - | $ - | $ - |
| **Disbursements** | | | | | | | |
| Premium Wires | $ 2,052,828 | $ 2,168,102 | $ 802,029 | $ 1,404,153 | $ 1,353,846 | $ 2,330,714 | $ 2,563,462 |
| Lender Interest [1] | $ - | $ 200,000 | $ 200,000 | $ 200,000 | $ 200,000 | $ 200,000 | $ 200,000 |
| Admin. Agent Professional Fees [2] | $ - | $ 50,000 | $ 50,000 | $ 50,000 | $ 50,000 | $ 50,000 | $ 50,000 |
| Overhead/Operating Costs (Transfer to Imperial Finance & Trading, LLC) (Detail attached) | $ - | $ 292,415 | $ - | $ 292,415 | $ - | $ 351,622 | $ - |
| Qtrly Servicing Fees-LexServ | $ - | $ - | $ - | $ - | $ - | $ - | $ 142,838 |
| LE Expenses-LexServ | $ - | $ - | $ - | $ - | $ - | $ - | $ 69,306 |
| Qtrly Portfolio Mgr. Fee-Lamington | $ - | $ - | $ - | $ - | $ - | $ - | $ 175,800 |
| Qtrly Securities Intermediary Fee | $ - | $ - | $ - | $ - | $ - | $ - | $ 58,600 |
| Qtrly Prem. Pmnt Fee-Wilmington | $ - | $ - | $ - | $ - | $ - | $ - | $ 14,650 |
| Incoming Wire Fee-Wilmington | $ - | $ - | $ - | $ - | $ - | $ - | $ 150 |
| Outgoing Wire Fee-Wilmington | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,095 |
| Collateral Consultant Fees-D3G | $ - | $ - | $ - | $ - | $ - | $ - | $ 105,000 |
| Debtor Counsel (PSZJ) | $ - | $ 200,000 | $ 150,000 | $ 150,000 | $ 150,000 | $ 150,000 | $ 150,000 |
| Debtor Litigation Counsel (Kasowitz) [3] | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Debtor Irish Counsel (Arthur Cox) | $ - | $ 625 | $ 625 | $ 625 | $ 625 | $ 625 | $ 625 |
| Wilmington Trust Counsel (K&L Gates) | $ - | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 | $ 2,500 |
| Curtis Mallet-Prevost Colt & Mosle | $ - | $ 17,500 | $ - | $ 17,500 | $ - | $ 15,000 | $ - |
| Daniel Coker Horton | $ - | $ 1,000 | $ - | $ 1,000 | $ - | $ 500 | $ - |
| Gibson Dunn | $ - | $ 37,500 | $ - | $ 37,500 | $ - | $ 37,500 | $ - |
| Holland & Knight | $ - | $ 17,500 | $ - | $ 17,500 | $ - | $ 15,000 | $ - |
| Reed Smith | $ - | $ 31,667 | $ - | $ 31,667 | $ - | $ 31,667 | $ - |
| Weinberg Zareh Malkin Price | $ - | $ 1,750 | $ - | $ 1,750 | $ - | $ 1,500 | $ - |
| Valuation | | $ - | $ - | $ 50,000 | $ - | $ - | $ - |
| Independent Manager | | $ 5,000 | $ - | $ - | $ 5,000 | $ - | $ - |
| White Eagle Contingency | | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 | $ 10,000 |
| U.S. Trustee Fees | $ - | $ - | $ - | $ - | $ 65,173 | $ - | $ - |
| **Total Disbursements [4]** | $ 2,052,828 | $ 3,035,558 | $ 1,215,154 | $ 2,266,610 | $ 1,837,144 | $ 3,196,627 | $ 3,550,026 |
| **Ending Cash Balance** | $ 35,328,385 | $ 32,292,826 | $ 31,077,673 | $ 28,811,063 | $ 26,973,919 | $ 23,777,292 | $ 20,227,267 |

*(1) To the extent that accrued interest (and any other Prepetition Obligations coming due under the Prepetition Loan Documents) exceeds the budgeted amount, such amounts shall continue to accrue and the Debtors and CLMG and LNV reserve all rights with respect thereto.*

*(2) To the extent that Secured Party Professional Fees exceed the budgeted amount, such amounts shall continue to accrue and the Debtors and CLMG and LNV reserve all rights with respect thereto.*

*(3) The Debtors reserve all rights to seek to include the fees and expenses of Kasowitz in any budget covering any time period following the interim period, and CLMG and LNV reserve all rights to contest such request.*

*(4) The appearance of any Professional Fees in the Budget are for purposes of estimated accruals only and (x) shall not be deemed an authorization for the Debtors to pay any Professional Fees absent a Court order authorizing such payment and (y) shall not, in any way, be probative (or otherwise have any impact) with respect to the allowance of the payment of any such Professional Fees or any party's right to object to the payment of such Professional Fees. Such Professional Fees may only be paid to professionals retained by the Debtors under section 327 of the Bankruptcy Code and only to the extent allowed by Court order and payable under sections 328 and 331 of the Bankruptcy Code and any interim procedures order. The Interim Cash Collateral Order does not, and shall not be deemed to, itself authorize the payment of any Professional Fees.*



# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 02/01/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Marsh USA Inc.
1560 Sawgrass Corporate Pkwy, Suite 300
Sunrise, FL 33323

CN107033964--D&O-19-20

**INSURED**
Emergent Capital, Inc.
5355 Town Center Road
Suites 701 & 702
Boca Raton, FL 33486

CONTACT NAME:
PHONE (A/C, No, Ext):
FAX (A/C, No):
E-MAIL ADDRESS:

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A : XL Specialty Insurance Company | 37885 |
| INSURER B : Indian Harbor Insurance Co. | 36940 |
| INSURER C : | |
| INSURER D : | |
| INSURER E : | |
| INSURER F : | |

## COVERAGES    CERTIFICATE NUMBER: ATL-004914178-02    REVISION NUMBER: 2

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY ☐ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? N (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Directors and Officers | | | ELU153973-18 | 02/03/2018 | 02/03/2020 | Limit | 5,000,000 |
| B | Errors & Omissions | | | MPP 0039879 06 | 02/03/2019 | 02/03/2020 | Limit (SIR $250,000) | 5,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER**
Office of the United States Trustee
844 King Street, Suite 2007
Wilmington, DE 19801

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

AUTHORIZED REPRESENTATIVE
of Marsh USA Inc.
Juan Hernandez                    *Juan Hernandez* (signature)

© 1988-2016 ACORD CORPORATION. All rights reserved.
ACORD 25 (2016/03)         The ACORD name and logo are registered marks of ACORD

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] <br><br> Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 18-12808 (KG) <br> ) <br> ) Jointly Administered <br> ) <br> ) **Related Docket No. 6** |

## INTERIM ORDER AUTHORIZING (A) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, (B) INTERCOMPANY TRANSACTIONS, (C) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS, AND (D) GRANTING RELATED RELIEF

Upon consideration of the *Motion of Debtors for Order Authorizing (A) Continuance of Existing Cash Management System, (B) Intercompany Transactions, (C) Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (D) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases; and this Court finding that (a) due and sufficient cause exists for the relief granted in this Order; (b) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (d) due and adequate notice of the Motion was given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein, on an interim basis.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

DOCS_SF:98216.10

2.   The Debtors are authorized to continue operating the Cash Management System as described in the Motion and in a manner consistent with the Debtors' prepetition practices, as modified by this Order.

3.   The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, to: (a) designate, maintain and continue to use, with the same account numbers, the Accounts in existence as of the Petition Date; (b) treat the Accounts for all purposes as debtor in possession accounts; and (c) use all existing Business Forms without reference to the Debtors' status as "debtor in possession" until such supply is depleted, after which the Debtors will use new Business Forms with the "debtor in possession" reference and the corresponding bankruptcy case number; *provided further* that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Interim Order.

4.   The Banks – Wilmington Trust, N.A. and Ulster Bank (Republic of Ireland) – are authorized to continue to service and administer the Accounts as debtor in possession accounts without interruption and in the usual and ordinary course of business, and to receive, process, honor, and pay any and all checks and drafts drawn on the Accounts by the holders or makers thereof, as the case may be; *provided*, *however*, that any check dated prior to November 15, 2018 for Debtors White Eagle General Partner, LLC and Lamington Road Designated Activity Company, and prior to December 14, 2018 for Debtor White Eagle Asset Portfolio, LP may be honored only if specifically authorized by order of this Court.

5.   Except as modified by this Order, the Debtors' existing agreements with the Banks and with respect to the transfers to and from the Accounts shall continue to govern the

2

postpetition cash management relationship between the Debtors and the Banks. In the course of providing cash management services to the Debtors, the Banks are authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, their routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

6. The Debtors shall maintain accurate and detailed records of all transfers and transactions so that all transfers and transactions (including but not limited to any Intercompany Transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions. The Debtors shall provide a report to counsel to the Prepetition Agent, and any statutory committee appointed in these cases, on a weekly basis describing all transfers of funds (including any Intercompany Transactions), which report shall include, for each such transfer, the name of the Debtor transferor, the name of the transferee, and the amount of the transfer.

7. The Debtors are authorized to make the Intercompany Transactions described in the Motion, consistent with this Order and the budget set forth in any order approving the use of cash collateral and/or postpetition financing (a "Budget"). For the avoidance of doubt, the Debtors shall not be permitted to make any Intercompany Transaction, or otherwise directly or indirectly transfer cash, to any non-Debtor affiliate of the Debtors that is not set forth in the Budget or otherwise consented to in writing beforehand by the Prepetition Agent, subject to the requirements of any cash collateral order entered by the Court. All payments from any Debtor entity to any affiliate of such Debtor under any postpetition Intercompany Transaction authorized hereunder hereby grants to the transferring Debtor a valid, binding, continuing, enforceable, and non-avoidable claim against the transferee (which claim, if

the transferee is a Debtor, shall be an administrative expense claim under section 503(b) of the Bankruptcy Code and which claim, if the transferee is not a Debtor, shall exist to the extent such claim would exist under non-bankruptcy law).

8. Notwithstanding anything to the contrary contained in the Prepetition Loan Agreement or the Account Control Agreement, the transfers between Accounts contemplated in the Motion, consistent with this Order, and as authorized by the Budget shall be permitted. The terms of the Account Control Agreement shall continue in full force and effect except (and only) to the extent that such terms contradict the explicit terms of this Order. So long as any Cash Collateral is held by a Debtor, notwithstanding any Intercompany Transactions or transfers of funds from one Account to another Account (regardless of whether any such Accounts are subject to the Account Control Agreement), the Prepetition Secured Parties' liens and security interests with respect to such Cash Collateral shall continue with the same validity, enforceability and priority as existed on the Petition Date.

9. For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), within fifteen (15) days of the date of entry of this Interim Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

10. Nothing contained herein shall prevent the Debtors from closing any Accounts as they may deem necessary and appropriate with the prior written consent of the Prepetition Agent, and any relevant Bank is authorized to honor the Debtors' request to close such Accounts, *provided* that the Debtors shall give notice of the closure of any Accounts within

4

fourteen (14) days to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases.

11. The Debtors are authorized to open new bank accounts with the prior written consent of the Prepetition Agent; *provided*, *however*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Order, be deemed an Account as if it had been listed in the Motion; *provided*, *further*, that (a) any such new bank account shall be opened at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to immediately execute such an agreement, (b) any such new bank account shall be designated as a "debtor in possession" account by the relevant bank, and (c) such opening shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within 14 days to the U.S. Trustee and counsel to any statutory committee appointed in these chapter 11 cases.

12. With respect to the Debtors' accounts in Ulster Bank, the Debtors are hereby granted a waiver of the requirements of 11 U.S.C. § 345(b), *provided* that the balance of the accounts in Ulster Bank do not exceed more than fifty thousand dollars ($50,000) in the aggregate for all accounts at any given time during the course of these chapter 11 cases; and *provided further* that the Debtors shall attach to their monthly operating reports copies of the bank statement or statements from Ulster Bank for the time period covered by such operating report.

13. With respect to the Domestic Accounts and to the extent necessary, the Debtors are hereby granted an extension of time to comply with the requirements of 11 U.S.C. § 345(b), through the date of the Final Hearing (as defined below), without prejudice to the

5

Debtors' rights to seek a further waiver or confirmation that the requirements of 11 U.S.C. § 345(b) have been satisfied.

14. Despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

15. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

16. Nothing herein shall, or is intended to, (i) create any rights in favor of or enhance the status of any claim held by any party or (ii) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

17. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply.

18. This Order shall be served promptly by the Debtors on the Banks and all parties in interest who were served by the Motion and all other parties who file a request for notice under Bankruptcy Rule 2002.

19. A final hearing (the "Final Hearing") on the Motion shall be held on January 16, 2019 at 10:00 a.m. (Eastern Time). Objections to the entry of a final order on the Motion shall be in writing and shall be filed with the Clerk of this Court, on or before 4:00 p.m. (prevailing Eastern time) on the date that is five (5) business days prior to and excluding the date of the Final Hearing, with a copy served upon: (i) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Colin R. Robinson, Esq. (crobinson@pszjlaw.com); (ii) counsel for CLMG Corp. and LNV Corporation, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095 (Attn: Thomas

Lauria, Esq. (tlauria@whitecase.com), David Turetsky, Esq. (david.turetsky@whitecase.com) and Andrew Zatz, Esq. (azatz@whitecase.com); (iii) counsel to be selected by any official committee upon its formation if selected by such date; and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Juliet Sarkessian (juliet.m.sarkessian@usdoj.gov).

20. This Court shall retain jurisdiction to hear and determine all matters arising from the enforcement, implementation, or interpretation of this Order.

**Dated: December 17th, 2018**
**Wilmington, Delaware**

**KEVIN GROSS**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_SF:98216.10

**In re White Eagle Asset Portfolio, LP, et al.**                                                                              **Case No. 18-12808 (KG)**
                Debtor

## SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

(This schedule is to include each Professional paid a retainer)

| Payee | Check Date | Check Number | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|---|
| Pachulski Stang Zioehl & Jones LLP | 11/14/2018 | Wire | Emergent Capital, Inc. | $500,000.00 | $500,000.00 | $0.00 |
| Kasowitz benson Torres LLP |  | Wire | Emergent Capital, Inc. | $100,000.00 | $50,000.00 | $50,000.00 |

FORM IR-2
(4/07)