IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | Case No. 18-12808 (KG) |
| Debtors. | Jointly Administered |

**Objection Deadline: April 9, 2019, at 4:00 p.m. (ET)**
**Hearing: April 16, 2019 at 10:00 a.m. (ET)**

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, further extending the period established in section 1121(c)(3) of Title 11 of the United States Code (the "Bankruptcy Code") within which only the Debtors may file a plan and obtain acceptances of the plan (the "Exclusivity Periods") by a period of approximately ninety (90) days. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**Background**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

1

3. On November 14, 2018 (the "Petition Date"), White Eagle General Partner, LP ("WEGP") and Lamington Road Designated Activity Company ("LRDAC") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 13, 2018, White Eagle Asset Portfolio, LP ("WEAP") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of First Day Motions* (the "Declaration") and incorporated herein by reference.[2]

5. The current deadline (a) for which only Debtors WEGP and LRDAC may file a plan is March 14, 2019, and (b) for which only such Debtors may solicit acceptances of such plan is May 13, 2019. The Exclusivity Periods for WEAP expire approximately one month later.

6. On March 13, 2019, the Debtors filed their *Joint Chapter 11 Plan of Reorganization* (the "Plan") [D.I. 165] and the accompanying *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [D.I. 166]. The Plan provides for unimpaired treatment of all classes of claims and interests thereunder. Hence, no solicitation of votes on the Plan should be required.

7. Notwithstanding the filing of the Plan and the Disclosure Statement, the Debtors file this Motion out of an abundance of caution in order to ensure that the Exclusivity Periods are extended pending confirmation and consummation of the Plan.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.

**Relief Requested**

8. By this Motion, the Debtors respectfully request that this Court, pursuant to section 1121(d) of the Bankruptcy Code, extend the Exclusivity Periods for filing a plan by approximately ninety (90) days, through and including June 14, 2019, and for obtaining acceptances of such plan, through and including August 16, 2019. Such extended Exclusivity Periods would apply to each of the Debtors.

**Basis for Relief Requested**

9. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusivity Periods "for cause" after notice and hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997), *see also In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190) and *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

10. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

11. The decision to extend a debtor's exclusive period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves & Safety*

*Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986). Courts examine a number of factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include the following:

    a. the size and complexity of the case;

    b. the existence of good faith progress;

    c. the necessity of sufficient time to negotiate and prepare adequate information;

    d. whether creditors are prejudiced by the extension;

    e. whether the debtor is paying its debts as they become due;

    f. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g. whether the debtor has made progress negotiating with creditors;

    h. the length of time a case had been pending;

    i. whether the debtor is seeking an extension to pressure creditors; and

    j. whether or not unresolved contingencies exist.

*See McLean Indus.*, 87 B.R. at 834.

### Cause Exists for an Extension of the Debtors' Exclusivity Periods

12. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) to extend the Exclusivity Periods by approximately ninety (90) days.

13. The Debtors contemporaneously filed the Plan and Disclosure Statement with this Motion. The Plan unimpairs all classes of claims and interests and, as such, no solicitation of votes should be necessary. The Debtors are in the process of lining up exit financing as part of the Plan, and intend to seek estimation of the allowed amount of the claim of their principal secured lender, LNV Corporation ("LNV"). At the appropriate time, the Debtors will set a combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan. Notwithstanding the filing of the Plan and the Disclosure Statement,

the Debtors file this Motion out of an abundance of caution in order to ensure that the Exclusivity Periods are extended pending confirmation and consummation of the Plan.

14. The Debtors are administratively solvent and have been paying undisputed postpetition debts in the ordinary course of business or as otherwise provided by the Bankruptcy Code. The Debtors are making good progress in these cases, which have only been pending for approximately 120 days as to WEAP and LRDAC and approximately 90 days as to WEAP. Cash collateral authority is in hand. The Debtors' professionals have been retained. An adversary proceeding has been commenced against LNV and certain other defendants. Just this week, this Court held an initial status conference in the adversary proceeding and that litigation is moving forward with motions to dismiss to be considered by the Court in early May 2019.

15. The Debtors' assets, consisting of a life settlements portfolio, are complex and have a value in excess of $500 million. It will take time for a refinancing option to be identified and for the amount of LNV's allowed claims to be determined. Further, this Motion is the Debtors' first request to extend exclusivity and it is not intended as a delay tactic or a means to pressure the Debtors' creditors, especially given that the Debtors have already filed the Plan.

16. Based upon the foregoing, the Debtors submit that an extension of the Exclusivity Periods is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtors' estates and creditors.

## Notice

17. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Lender Parties;

and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto: (a) extending the Exclusivity Periods for filing a plan by approximately ninety (90) days, through and including June 14, 2019, and for obtaining acceptances of such plan, through and including August 16, 2019 (such extended Exclusivity Periods would apply to each of the Debtors), and (b) granting such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: March 13, 2019 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Colin R. Robinson* <br> Richard M. Pachulski (CA Bar No. 62337) <br> Ira D. Kharasch (CA Bar No. 109084) <br> Maxim B. Litvak (CA Bar No. 215852) <br> Colin R. Robinson (DE Bar No. 5524) <br> 919 North Market Street, 17th Floor <br> P.O. Box 8705 <br> Wilmington, DE 19899-8705 (Courier 19801) <br> Telephone: (302) 652-4100 <br> Facsimile: (302) 652-4400 <br> E-mail: rpachulski@pszjlaw.com <br> ikharasch@pszjlaw.com <br> mlitvak@pszjlaw.com <br> crobinson@pszjlaw.com |
| | *Counsel for the Debtors and Debtors-in-Possession* |