IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12808 (KG)<br><br>Jointly Administered<br><br>**Re: Docket No. 283** |

### ORDER APPROVING DISCLOSURE STATEMENT FOR DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (i) scheduling hearings on (a) the adequacy of the Disclosure Statement (defined below), (b) confirmation of the Plan, and (c) the proposed assumption of executory contracts; (ii) fixing the deadlines to object to the Disclosure Statement, the Plan, and the proposed assumption of executory contracts; *(iii)* approving the form and manner of notice of hearings and objection deadlines with respect to the foregoing; and (iv) granting related relief; and the Court having entered the *Order (I) Scheduling Hearings on (A) Adequacy of Disclosure Statement, (B) Confirmation of Plan of Reorganization, and (C) Assumption of Executory Contracts; (II) Fixing the Deadlines to Object to Disclosure Statement, Plan, and Proposed Assumption of Executory Contracts; (III)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion [D.I. 256].

*Approving Form and Manner of Notice of Hearings and Objection Deadlines; and (IV) Granting Related Relief* [D.I. 268] (the "Confirmation Procedures Order"); and the Debtors having filed the *Disclosure Statement for the Debtors' Amended Joint Chapter 11 Plan of Reorganization* [D.I. 283] (as it may be amended or modified consistent herewith, the "Disclosure Statement"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference of the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the hearing to consider the relief requested herein (the "Hearing") having been provided in accordance with *Combined Notice of Hearing on (I) Proposed Settlement Between Debtors, Certain Non-Debtor Affiliates, and Lender Parties, (II) Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization, as Amended, (III) Debtors' Joint Chapter 11 Plan of Reorganization, as Amended, and (IV) Proposed Postpetition Credit Facility* [D.I. 248] (the "Combined Settlement/Disclosure Statement/Plan Notice") and the Confirmation Procedures Order; and it appearing that no other or further notice need be provided; and the legal and factual bases establishing just and sufficient cause to grant the relief requested therein having been presented at the Hearing; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and all objections, if any, to the Disclosure Statement having been overruled or withdrawn; and upon all of the proceedings before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction to consider the Disclosure Statement and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Disclosure Statement and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Disclosure Statement are sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, and 3020, and Local Rules 3017-1 and 3017-2.

C. The legal and factual bases set forth in the Disclosure Statement establish just cause for the relief granted herein. The entry of this Order is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

D. The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

E. The *Notice of Hearing on (I) Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization, (II) Debtors Joint Chapter 11 Plan of Reorganization, and (III) Assumption of Executory Contracts by the Debtors* annexed as Exhibit 1 to the Confirmation Procedures Order and filed at [D.I. 268-1] (the "Approved Notice of Disclosure Statement/Plan")

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

and the Combined Settlement/Disclosure Statement/Plan Notice provided adequate notice concerning the Disclosure Statement Hearing.

F.  Ballots need not be provided to any Classes of Claims and Equity Interests because all Holders of Claims and Equity Interests are designated as unimpaired and, therefore, conclusively presumed to accept the Plan by operation of law and are not entitled to vote on the Plan.

G.  In the event that any Class of Claims or Equity Interests is determined to be entitled to vote on the Plan and does not vote to accept the Plan, the Debtors may (i) seek confirmation of the Plan under section 1129(b) of the Bankruptcy Code or (ii) amend or modify the Plan in accordance with the terms hereof and the Bankruptcy Code. If a controversy arises as to whether any Claims or Equity Interests, or any Class of Claims or Equity Interests, are impaired, the Bankruptcy Court shall, after notice and a hearing, determine such controversy on or before the Confirmation Hearing Date.

H.  The procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) are adequate and appropriate.

I.  The procedures set forth below regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and the filing of objections thereto, including the Combined Notice of Disclosure Statement/Plan, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

J.   The Approved Notice of Disclosure Statement/Plan and the proposed entry of this Order are adequate and sufficient under the circumstances of the Chapter 11 Cases, and such notice complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Accordingly, no further notice of the Disclosure Statement or this Order is necessary or required, except as otherwise set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   The Motion is granted as provided herein.

2.   The Disclosure Statement is approved.

3.   The form and manner of notice of the time set for filing objections to, and the hearing to consider approval of, the Disclosure Statement as described in the Approved Notice of Disclosure Statement/Plan and reflected in the Affidavit of Service filed by Debtors' counsel was proper, adequate, and sufficient notice thereof.

4.   For holders of Claims, no transfer of Claim(s) pursuant to Bankruptcy Rule 3001 shall be recognized unless (i) documentation evidencing such transfer was filed with the Court on or before five (5) days prior to June 17, 2019 (the "<u>Record Date</u>"), (ii) the transfer is not defective, and (iii) no timely objection with respect to such transfer was filed by the transferor. In instances where a Claim has been the subject of one or more partial transfers, each holder of a portion of said Claim shall be deemed to hold one Claim for numerosity purposes.

5.   Any plan supplement shall be filed and served no later than June 12, 2019 at 4:00 p.m. (prevailing Eastern Time).

6. The Confirmation Hearing will be held on **Wednesday, June 19, 2019 at 11:00 a.m. (prevailing Eastern Time)**; *provided, however*, that the Confirmation Hearing may be continued from time to time without further notice other than through adjournments announced in open Court and/or as indicated in any notice of agenda of matters scheduled for hearing filed with the Court.

7. Any objections to confirmation of the Plan must:

(a) Be in writing;

(b) Set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof;

(c) Conform to the Bankruptcy Rules and the Local Rules; and

(d) Be filed with the Court (with a proof of service as and when required under the Local Rules of this Court) and served upon (i) the Office of the United States Trustee for the District of Delaware: United States Trustee, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Lockbox #35, Wilmington, DE 19801 (Attn: Juliet M. Sarkessian, Esq. (juliet.m.sarkessian@usdoj.gov)) (Fax: 302-573-6497); (ii) counsel to the Debtors: (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Colin R. Robinson, Esq. (crobinson@pszjlaw.com)) and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067 (Attn: Richard M. Pachulski, Esq. (rpachulski@pszjlaw.com)); and (iii) counsel to CLMG Corp. and LNV Corporation: (a) Fox Rothschild LLP, 919 North Market Street, Suite 300, Wilmington, DE 19801 (Attn: Jeffrey M. Schlerf, Esq. (jschlerf@foxrothschild.com) and Carl D. Neff, Esq. (cneff@foxrothschild.com)), (b) White & Case LLP, Southeast Financial Center, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131 (Attn: Thomas E Lauria, Esq. (tlauria@whitecase.com)), and (c) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095 (Attn: David M. Turetsky, Esq. (david.turetsky@whitecase.com) and Andrew T. Zatz, Esq. (azatz@whitecase.com)) (collectively, the "Notice Parties"), **on or before 4:00 p.m. (prevailing Eastern Time) on Monday, June 17, 2019** (the "Plan Objection Deadline").

8. Objections to confirmation of the Plan that are not timely filed and served in the manner set forth above may not be considered and may be deemed overruled.

9. Responsive pleadings to any objection to confirmation of the Plan shall be filed by no later than **Tuesday, June 18, 2019 at 4:00 p.m. (prevailing Eastern Time)**, and served by email or fax on all objecting parties.

10. The Debtors shall provide a proposed form of confirmation order to the Office of the U.S. Trustee no later than June 14, 2019, and shall file a proposed form of confirmation order no later than Tuesday, June 18, 2019 at 4:00 p.m. (prevailing Eastern Time).

11. By no later June 6, 2019, the Debtors shall mail or caused to be mailed a copy of this Order granting the relief requested herein (without any exhibits) and approving the Disclosure Statement on all parties who were served with a copy of the Plan and Disclosure Statement, as reflected in the certificate of service filed at Docket No. 299.

12. As to any executory contract or unexpired lease that the Debtors intend to assume, or assume and assign, under the Plan, no later than June 7, 2019, the Debtors shall serve by overnight mail for the next business day a notice on the counterparties to such executory contracts and unexpired leases a notice of assumption, or assumption and assignment, which shall include: (a) the applicable cure amount and, if none, an affirmative statement to that effect; (b) if the contract or lease is to be assigned, the identity of the party to whom it will be assigned; (c) a description of the procedures for filing objections thereto; (d) a notification that the deadline to object to assumption and assignment (if applicable) and/or to the cure amount shall be **June 17, 2019 at 4 p.m. (prevailing Eastern Time)**, and identifying on whom such objections shall be served; (e) instructions on how to obtain information relating to adequate assurance of future performance from any assignee of the contract or lease; and (f) a notification that any objection to assumption or assignment or the cure amount shall be heard at the confirmation hearing, or such other date that may be agreed to by the Debtors and the contract or

lease counterparty. No later than June 7, 2019, the Debtors shall also file with the Court a list of all executory contracts and unexpired leases that the Debtors intend to assume, or to assume and assign, together with the proposed cure amounts.

13. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

14. The Debtors are authorized, subject to the prior written consent of the Lender Parties, to make non-substantive and nonmaterial changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among such documents.

15. The notice to be provided pursuant to the Confirmation Procedures Order is good and sufficient notice of the hearing date and objection deadline for approval of the Disclosure Statement and confirmation of the Plan to all parties in interest, and no other further notice need be provided, except as provided for herein.

16. Notwithstanding Bankruptcy Rules 6004, 6006, or otherwise, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. To the extent applicable, the stays described in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived.

17. The terms of this Order shall control to the extent of any conflict with the Motion or the Disclosure Statement or the Plan.

18. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: June 5, 2019

_____
KEVIN GROSS, U.S.B.J.