IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-12808 (KG)<br><br>Jointly Administered |

**Objection Deadline: June 28, 2019, at 4:00 p.m. (ET)**
**Hearing: July 17, 2019 at 2:00 p.m. (ET)**

### SECOND MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER FURTHER EXTENDING THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, further extending the period established in section 1121(c)(3) of Title 11 of the United States Code (the "Bankruptcy Code") within which only the Debtors may file a plan and obtain acceptances of the plan (the "Exclusivity Periods") by a period of approximately ninety (90) days. In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

2

2. The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**Background**

3. On November 14, 2018 (the "Petition Date"), White Eagle General Partner, LP ("WEGP") and Lamington Road Designated Activity Company ("LRDAC") commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 13, 2018, White Eagle Asset Portfolio, LP ("WEAP") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Miriam Martinez, Chief Financial Officer, in Support of First Day Motions* (the "Declaration") and incorporated herein by reference.[2]

5. The current deadline for which the Debtors may file a plan is June 14, 2019,[3] while the current deadline for which the Debtors may solicit acceptances of such plan is August 16, 2019.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Declaration.
[3] Local Rule 9006-2 provides that the filing of a motion prior to the expiration of a time period shall automatically extend such time period until the Court acts on the motion, without the necessity for entry of a bridge order.

2

6. On March 13, 2019, the Debtors filed their *Joint Chapter 11 Plan of Reorganization* [D.I. 165] and the accompanying *Disclosure Statement for Debtors' Joint Chapter 11 Plan of Reorganization* [D.I. 166].

7. On May 22, 2019, the Debtors filed a *Motion for an Order (I) Establishing Bar Dates for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* (the "Bar Date Motion") [D.I. 272].  The Court approved the Bar Date Motion on June 5, 2019 [D.I. 315] setting July 8, 2019 as the deadline by which parties in interest, including governmental agencies, must file a proof of claim.

8. On May 23, 2019, the Debtors filed a *Motion of the Debtors Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Order Approving Settlement Between Debtors, Certain Non-Debtor Affiliates, and Lender Parties* (the "Settlement Motion") [D.I. 253].  The Settlement Agreement set forth a global resolution of the disputes between the Debtors, on one hand, and LNV Corporation and CLMG Corp. (together, the "Lender Parties") in these bankruptcy cases, including a pending adversary proceeding.  The settlement provided for, (a) determination of the allowed amount of the Lender Parties' claims, (b) a timeline and protocol for the disposition of White Eagle's insurance portfolio, (c) appointment of a liquidating agent and retention of an investment bank to effectuate a potential sale process, as necessary, (d) additional financing made available to the Debtors to address any liquidity shortfalls subject to an agreed upon cash collateral budget, and (e) exchange of mutual releases.  The Court approved the Settlement Motion on June 5, 2019 [D.I. 316].

9. On May 24, 2019, the Debtors filed their *Amended Joint Chapter 11 Plan of Reorganization* (the "Amended Plan") [D.I. 282] and the accompanying *Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Reorganization* (the "Disclosure Statement") [D.I. 166].  The Amended Plan provides for unimpaired treatment of all classes of claims and interests thereunder.  Hence, no solicitation of votes on the Plan is required.  On June 5, 2019, the Court approved the Disclosure Statement [D.I. 318], and set a hearing to confirm the Amended Plan for June 19, 2019 at 11:00 a.m. standard Eastern Time.

10. Notwithstanding the filing of the Amended Plan and the Disclosure Statement, the Debtors file this Motion out of an abundance of caution in order to ensure that the Exclusivity Periods are further extended pending confirmation and consummation of the Amended Plan.

**Relief Requested**

11. By this Motion, the Debtors respectfully request that this Court, pursuant to section 1121(d) of the Bankruptcy Code, further extend the Exclusivity Periods for filing a plan by approximately ninety (90) days, through and including September 12, 2019, and for obtaining acceptances of such plan, if necessary, through and including November 14, 2019.  Such extended Exclusivity Periods would apply to each of the Debtors.

**Basis for Relief Requested**

12. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusivity Periods "for cause" after notice and hearing.  Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed

4

flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997), *see also In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

13. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14. The decision to extend a debtor's exclusive period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves & Safety Equip., Inc.,* 64 B.R. 963, 965 (D. Del. 1986). Courts examine a number of factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include the following:

    a. the size and complexity of the case;

    b. the existence of good faith progress;

    c. the necessity of sufficient time to negotiate and prepare adequate information;

    d. whether creditors are prejudiced by the extension;

    e. whether the debtor is paying its debts as they become due;

    f. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

  g.  whether the debtor has made progress negotiating with creditors;

  h.  the length of time a case had been pending;

  i.  whether the debtor is seeking an extension to pressure creditors; and

  j.  whether or not unresolved contingencies exist.

*See McLean Indus.*, 87 B.R. at 834.

### Cause Exists for an Extension of the Debtors' Exclusivity Periods

15. The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) to extend the Exclusivity Periods by approximately ninety (90) days.

16. The Debtors, with the support of the Lender Parties, filed the Amended Plan that unimpairs all classes of claims and interests.  Accordingly, no solicitation of votes is necessary and no creditors are prejudiced by the requested extension of exclusivity. Confirmation of the Amended Plan is scheduled for June 19, 2019 with objections due on or before June 17, 2019.  Good faith progress by the Debtors is clearly demonstrated by the approval of the global settlement with the Lender Parties and the anticipated confirmation of the Amended Plan.   Moreover, progress was demonstrated by the dismissal of the Adversary Proceeding against the Lender Parties and other certain defendants as part of the global settlement.

17. Also part of the global settlement, the Debtors and Lender Parties reached agreement on a DIP facility, which was approved on June 5, 2019, providing additional liquidity to the Debtors.  Accordingly, the Debtors are administratively solvent and have been paying undisputed postpetition debts in the ordinary course of business or as otherwise provided by the

Bankruptcy Code. Except for the pending Maple Life retention application, the Debtors' professionals are all retained.

18. This Motion is the Debtors' second request to extend exclusivity and it is not intended as a delay tactic or a means to pressure the Debtors' creditors, especially given that the Debtors have already filed the Amended Plan that has no impaired classes. It is filed out of an abundance of caution in order to ensure that the Exclusivity Periods are extended pending confirmation and consummation of the Amended Plan.

19. Based upon the foregoing, the Debtors submit that a further extension of the Exclusivity Periods is reasonable and appropriate under the circumstances and should be granted as being in the best interests of the Debtors' estates and creditors.

## **Notice**

20. Notice of this Motion has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Lender Parties; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto: (a) further extending the Exclusivity Periods for filing a plan by approximately ninety (90) days, through and including September 12, 2019, and for obtaining acceptances of such plan, through and including November 14, 2019 (such extended Exclusivity Periods would apply to each of the Debtors), and (b) granting such other and further relief as this Court deems appropriate.

Dated: June 14, 2019

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Richard M. Pachulski (CA Bar No. 62337)
Ira D. Kharasch (CA Bar No. 109084)
Maxim B. Litvak (CA Bar No. 215852)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:   rpachulski@pszjlaw.com
           ikharasch@pszjlaw.com
           mlitvak@pszjlaw.com
           crobinson@pszjlaw.com

*Counsel for the Debtors and Debtors-in-Possession*