IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | ) | Case No. 18-12808 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: August 21, 2019 at 4:00 p.m. (ET)**
**Hearing Date: August 23, 2019 at 11:00 a.m. (ET)**

### FIFTH MONTHLY AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD NOVEMBER 14, 2018 THROUGH JUNE 19, 2019

| Name of applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Name of client: | Debtors and Debtors in Possession |
| Time period covered by this application: | November 14, 2018 – June 19, 2019 |
| Total final compensation sought this period: | $2,130,825.50 |
| Total expenses sought this period: | $77,148.99 |
| Petition date: | November 14, 2018 |
| Retention date: | November 14, 2018 |
| Date of order approving employment | March 14, 2019 |
| Total fees approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed fees paid to date | $0.00 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in this application for all attorneys | $977.80 |
| Blended rate in this application for all timekeepers | $886.37 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738). The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

| Name of applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Fees sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $1,386,914.50 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $41,880.35 |
| Number of professionals included in this application | 23 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 9 |
| Are any rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

This is a:    \_ \_ monthly       \_\_\_ interim    X    final application.

      The total time expended for preparation of this monthly fee application is approximately 15 hours and the corresponding compensation requested is approximately $7,500.00.

## PRIOR MONTHLY APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 04/04/19 | 11/14/18 – 01/31/19 | $423,699.25 | $18,305.81 | $423,619.75[2] | $18,305.81 |
| 04/04/19 | 02/01/19 – 02/28/19 | $263,670.75 | $ 6,195.01 | $262,709.25[2] | $ 6,195.01 |
| 05/17/19 | 03/01/19 – 03/31/19 | $424,534.50 | $ 8,381.81 | $424,534.50 | $ 8,381.81 |
| 07/19/19 | 04/1/19 – 04/30/19 | $276,051.00 | $ 8,99727 | Pending | Pending |

---

[2] The amount approved differs from the requested amount due to a mathematical error. The approved amount is the correct amount the Debtors seek final approval of.

### PSZ&J PROFESSIONALS

### MONTHLY FEE PERIOD OF
### MAY 1, 2019 THROUGH JUNE 19, 2019

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Isaac M. Pachulski | Partner 2014; Member CA Bar 1979 | 1,395.00 | 18.10 | $25,249.50 |
| Jeffrey H. Davidson | Partner 2014; Member CA Bar 1977 | 1,395.00 | 2.00 | $2,790.00 |
| Richard M. Pachulski | Partner 1983; Member CA Bar 1979 | 1,345.00 | 136.50 | $183,592.50 |
| Richard M. Pachulski | Travel Rate | 672.50 | 13.90 | $9,347.75 |
| Laura Davis Jones | Partner 2000; Member DE 1986; Member DC Bar 1989 | 1,245.00 | 22.60 | $28,137.00 |
| David J. Barton | Partner 2000; Member CA Bar 1981 | 1,145.00 | 8.00 | $9,160.00 |
| Ira D. Kharasch | Partner 1987; Member AK & CA Bars 1982; Member NY Bar 2011 | 1,095.00 | 97.30 | $106,543.50 |
| Jeremy V. Richards | Partner 1990; Member CA Bar 1982 | 1,095.00 | 0.30 | $328.50 |
| Maxim B. Litvak | Partner 2004; Member TX Bar 1997; Member CA Bar 2001 | 925.00 | 195.00 | $180,375.00 |
| Maxim B. Litvak | Travel Rate | 462.50 | 14.50 | $6,706.25 |
| Jonathan J. Kim | Of Counsel; member Ca Bar 1999; Member CA Bar 1995 | 850.00 | 80.40 | $68,340.00 |
| Colin R. Robinson | Of Counsel 2012; Member NJ & PA Bars 2001; Member DE Bar 2010 | 795.00 | 88.70 | $70,516.50 |
| Gina F. Brandt | Of Counsel 2000; Member CA Bar 1976 | 795.00 | 0.50 | $397.50 |
| Greg Vincent Demo | Of Counsel 2019; Member Illinois Bar 2008; Member NY Bar 2015 | 795.00 | 2.30 | $1,828.50 |
| Peter J. Keane | Of Counsel 2018; Member PA Bar 2008; Member DE and NH Bars 2010 | 695.00 | 0.40 | $278.00 |
| Leslie A. Forrester | Law Library Director | 425.00 | 1.20 | $510.00 |
| Elizabeth C. Thomas | Paralegal 2016 | 395.00 | 3.60 | $1,422.00 |
| Karina K. Yee | Paralegal 2000 | 395.00 | 78.00 | $30,810.00 |
| Patricia J. Jeffries | Paralegal 1999 | 395.00 | 8.30 | $3,278.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant | 325.00 | 28.20 | $9,165.00 |
| Beatrice M. Koveleski | Case Management Assistant | 325.00 | 3.60 | $1,170.00 |
| Charles J. Bouzoukis | Case Management Assistant | 325.00 | 0.40 | $130.00 |
| Karen S. Neil | Case Management Assistant | 325.00 | 3.90 | $1,267.50 |
| Sheryle L. Pitman | Case Management Assistant | 325.00 | 7.90 | $2,567.50 |

Grand Total:    $743,911.00
Total Hours:       815.60
Blended Rate:    $912.10

## COMPENSATION BY CATEGORY

### MONTHLY FEE PERIOD OF
### MAY 1, 2019 THROUGH JUNE 19, 2019

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 74.60 | $ 80,654.00 |
| Bankruptcy Litigation | 273.70 | $255,959.50 |
| Case Administration | 38.50 | $ 15,087.00 |
| Claims Administration/ Objection | 25.70 | $ 17,182.50 |
| Compensation of Professionals | 6.90 | $ 4,592.50 |
| Compensation of Professionals/ Other | 3.60 | $ 2,587.00 |
| Executory Contracts | 5.70 | $ 3,784.50 |
| Fee/Employment Applications | 1.90 | $ 1,510.50 |
| Financial Filings | 0.90 | $ 355.50 |
| Financing | 54.90 | $ 59,856.50 |
| General Business Advice | 29.90 | $ 30,190.50 |
| Hearing | 46.40 | $ 39,338.00 |
| Non-Working Travel | 28.40 | $ 16,054.00 |
| Plan & Disclosure Statement | 190.00 | $186,226.50 |
| Retention of Professionals | 30.80 | $ 27,135.00 |
| Retention of Professionals/ Other | 3.70 | $ 3,397.50 |
| **Grand Total** | **815.60** | **$743,911.00** |

**EXPENSE SUMMARY**

**MONTHLY FEE PERIOD OF**
**MAY 1, 2019 THROUGH JUNE 19, 2019**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American, United (coach rates) | $ 3,489.15 |
| Airport Parking | SFO | $ 90.00 |
| Auto Travel Expense | Eagle Transportation | $ 113.00 |
| Conference Call | AT&T, CourtCall | $ 192.80 |
| Federal Express | | $11,526.10 |
| Hotel Expense | Hotel DuPont | $ 1,060.30 |
| Lexis/Nexis Legal Research | | $ 1,064.65 |
| Outgoing Facsimile | | $ 386.00 |
| Pacer – Court Research | | $ 2,600.50 |
| Postage | | $ 2,648.40 |
| Reproduction Expense | | $ 4,671.00 |
| Reproduction/ Scan Copy | | $ 4,170.00 |
| Research | Everlaw database | $ 500.00 |
| Transcript | eSscribers | $ 2,087.25 |
| Travel Expense | Ovation Travel, United WiFi | $ 85.50 |
| Working Meals | Bardea, Kleins Deli, La Fia, Paradies | $ 583.99 |
| **Grand Total** | | **$35,268.64** |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WHITE EAGLE ASSET PORTFOLIO, LP, *et al.*,[1] | ) | Case No. 18-12808 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: August 21, 2019 at 4:00 p.m. (ET)**
**Hearing Date: August 23, 2019 at 11:00 a.m. (ET)**

### FIFTH MONTHLY AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD NOVEMBER 14, 2018 THROUGH JUNE 19, 2019

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on January 15, 2019 [Docket No. 79] (the "Compensation Procedures Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession (the "Debtors"), hereby submits its *Fifth Monthly and Final Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession for the Period November 14, 2018 through June 19, 2019* (the "Application").

By this Final Application, PSZ&J seeks final allowance of fees in the amount of $2,130,825.50 as compensation for necessary professional services rendered, and actual and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  White Eagle Asset Portfolio, LP (0691); White Eagle General Partner, LLC (8312); and Lamington Road Designated Activity Company (7738).  The location of the Debtors' service address in these chapter 11 cases is 5355 Town Center Road, Suite 701, Boca Raton, FL 33486.

necessary expenses in the amount of $77,148.99 for a total of $2,207,974.49 and payment of the

unpaid amount of such fees and expenses for the period November 14, 2018 through June 19,

2019 (the "Final Period").  In addition, PSZ&J reserves it right to file a supplement to this Final

Application prior to the hearing date, to submit additional fees and expenses not previously

included in the Final Application but incurred prior to the date the hearing on the Final

Application such as, for example, fees incurred in preparing the final application.  In support of

this Final Application, PSZ&J respectfully represents as follows:

### Background

1.      On November 14, 2018 (the "Petition Date"), White Eagle General

Partner, LP ("WEGP") and Lamington Road Designated Activity Company (collectively, the

"Initial Debtors") commenced these cases by filing voluntary petitions for relief under chapter 11

of the Bankruptcy Code.

2.      On December 13, 2018, White Eagle Asset Portfolio, LP ("WEAP" and

together with the Initial Debtors, the "Debtors") filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their

properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

3.      The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) and Local

Rule 1015-1.  No trustee, committee or examiner has been appointed in the Debtors' chapter 11

cases.

4.      On January 15, 2019, the Court signed the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 79] (the "Compensation Procedures Order"), authorizing certain professionals and members of any official committee ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Compensation Procedures Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending April 30, 2019, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

5.      In addition, pursuant to the Compensation Procedures Order, attorneys retained pursuant to sections 327, or 363 or 1103 of the Bankruptcy Code (other than Ordinary Course Professionals) are required to comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines").  The Office of the United States Trustee ("US Trustee") has promulgated forms to aid in compliance with the Revised UST Guidelines.  Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases:

**Exhibit A**, Customary and Comparable Compensation Disclosures with Fee Applications;

**Exhibit B**, Summary of Timekeepers Included in this Fee Application, **Exhibit C-1**, Budget;

**Exhibit C-2**, Staffing Plan; **Exhibit D-1**, Summary of Compensation Requested by Project

Category; **Exhibit D-2**, Summary of Expense Reimbursement Requested by Category; and

**Exhibit E**, Summary Cover Sheet of Fee Application.

      6.     The retention of PSZ&J, as counsel to the Debtors, was approved effective

as of the Petition Date, by this Court's *Order Pursuant to Section 327(a) of the Bankruptcy*

*Code, Rule 2014 of the Federal Rules Bankruptcy Procedure and Local Rule 2014-1 Authorizing*

*the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors*

*and Debtors in Possession Nunc Pro Tunc to the Petition Date*, signed on February 14, 2019

[Docket No. 122] (the "Retention Order").  The Retention Order authorized PSZ&J to be

compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket

expenses.

## PSZ&J'S APPLICATION FOR COMPENSATION
## AND FOR REIMBURSEMENT OF EXPENSES

### Monthly Fee Applications Covered Herein

      7.     The monthly fee applications (the "Monthly Fee Applications") of PSZ&J

for the periods November 14, 2019 through June 19, 2019 have been filed and served pursuant to

the Compensation Procedures Order.

      8.     The Monthly Fee Application for the period of May 1, 2019 through June

19, 2019 is submitted as part of this Application.

9.     On April 4, 2019, PSZ&J filed its *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtors and Debtors in Possession for the Period from November 14, 2018 through January 31, 2019* [Docket No. 181] (the "First Monthly Fee Application") requesting $423,699.25 in fees and $18,305.81 in expenses.  PSZ&J has received payment of 100% of the fees and 100% of the expenses incurred on account of the First Monthly Fee Application pursuant to the Compensation Procedures Order.  A true and correct copy of the First Monthly Fee Application is attached hereto as **Exhibit F**.

10.     On April 4, 2019, PSZ&J filed its *Second Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel the Debtors and Debtors in Possession for the Period from February 1, 2019 through February 28, 2019* [Docket No. 182] (the "Second Monthly Fee Application") requesting $263,670.75 in fees and $6,195.01 in expenses.  PSZ&J has received payment of 100% of the fees and 100% of the expenses incurred on account of the Second Monthly Fee Application pursuant to the Compensation Procedures Order.  A true and correct copy of the Second Monthly Fee Application is attached hereto as **Exhibit G**.

11.     On May 17, 2019, PSZ&J filed its *Third Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtors and Debtors in Possession for the Period from March 1, 2019 through March 31, 2019* [Docket No. 262] (the "Third Monthly Fee Application") requesting $424,524.50 in fees and $8,381.81 in expenses.  PSZ&J has received payment of 100% of the

fees and 100% of the expenses incurred on account of the Third Monthly Fee Application pursuant to the Compensation Procedures Order. A true and correct copy of the Third Monthly Fee Application is attached hereto as **Exhibit H**.

12.     On July 19, 2019, PSZ&J filed its *Fourth Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel the Debtors and Debtors in Possession for the Period from April 1, 2019 through April 30, 2019* [Docket No. 383] (the "Fourth Monthly Fee Application") requesting $276,051.00 in fees and $8,997.72 in expenses. PSZ&J has not received payment on account of the Fourth Monthly Fee Application pursuant to the Compensation Procedures Order, as the objection period has not yet expired. A true and correct copy of the Fourth Monthly Fee Application is attached hereto as **Exhibit I**.

13.     PSZ&J is currently holding $32,631.70 in its trust account. If and to the extent the Application is approved, the Firm intends to apply such amount towards approved fees and expenses.

14.     The Monthly Fee Applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by PSZ&J during the periods covered by such applications as well as other detailed information required to be included in fee applications.

**Fee Application for Stub Period of**
**May 1, 2019 to June 19, 2019**

15.     The monthly invoices for the period from May 1, 2019 through June 19, 2019 (the "Stub Period") are attached hereto as **Exhibit J**.  These statements contains the daily time logs describing the time spent by each attorney and paraprofessional during the Stub Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Compensation Procedures Order.  PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

16.     A summary of actual and necessary expenses incurred by PSZ&J for the Stub Period is attached hereto as part of **Exhibit J**.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

17.     PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in this case.

18.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

19.     PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

### Summary of Services Rendered for Stub
### Period of May 1, 2019 to June 19, 2019

20.     The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Stub Period are set forth in the attached **Exhibit J**  PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all

necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

21.    The services rendered by PSZ&J during the Stub Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit J**. **Exhibit J** identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.    **Asset Disposition**

22.    During the Stub Period, the Firm worked diligently to negotiate a term sheet and sale of the majority interests (representing 72.5% of the equity) in Debtors WEAP and WEGP to Palomino JV, LP funded by Jade Mountain Partners and other co-investors.

**Total Fees: $80,654.00    Total Hours: 74.60**

B.    **Bankruptcy Litigation**

23.    During the Stub Period, the Firm, among other things: (i) prepared an opposition to LNV's motion to dismiss; (ii) reviewed and provided comments to the Beal settlement proposal; (iii) prepared and filed hearing agendas; (iv) prepared a settlement term sheet; (v) prepared for and attended several hearings regarding the settlement term sheet and

scheduling; (vi) prepared a motion to approve the lender settlement; (vii) prepared a stipulation regarding stay of adversary proceeding; (viii) address objections raised by the US Trustee to the lender settlement; (ix) reviewed and revised governance documents consistent with the settlement; and (x) prepared hearing notebooks for the Court.

**Total Fees:  $255,959.50      Total Hours:  273.70**

**C.      Case Administration**

24.      This category includes work related to administering the cases in an efficient manner.  During the Stub Period, the Firm, among other things:  (i) maintained a memorandum of critical dates and deadlines; (ii)  prepared and distributed a daily memo narrative; (iii) maintained document control; and (iv) reviewed daily correspondence and pleadings and forwarded them to the appropriate persons.

**Total Fees:  $15,087.00      Total Hours:  38.50**

**D.      Claims Administration/ Objection**

25.      During the Stub Period, the Firm, among other things, prepared a bar date motion, addressing comments from the US Trustee, and coordinating service and publication of the notice to all creditors.

**Total Fees:  $17,182.50      Total Hours:  25.70**

**E.      Compensation of Professionals**

26.      During the Stub Period the Firm, among other things, assisted estate professionals with the preparation and filing of their final fee applications, and prepared its own monthly fee statements.

**Total Fees: $4,592.50**        **Total Hours:  6.90**

F.    **Compensation of Professionals/ Other**

27.    Time billed to this category relates to the review and analysis Grant Thornton and Reed Smith's final fee applications.

**Total Fees: $2,587.00**        **Total Hours:  3.60**

G.    **Executory Contracts**

28.    During the Stub Period, the Firm prepared a notice of assumption of contracts and addressed the US Trustee's issues thereto.

**Total Fees:  $3,784.50**        **Total Hours:  5.70**

H.    **Fee/ Employment Applications**

29.    During the Stub period, the Firm addressed the US Trustee's comments to the retention of Maple Life and performed a Pillowtex analysis.

**Total Fees:  $1,510.50**        **Total Hours:  1.90**

I.    **Financial Filings**

30.    During the Stub Period the Firm prepared attachments to Schedule F, prepared the Debtors' monthly operating reports for service and filing and served the entered debtor-in-possession ("DIP") financing order.

**Total Fees:  $355.50**        **Total Hours:  .90**

J.    **Financing**

31.    Time billed to this category relates to DIP funding.  During the Stub Period, the Firm, among other things: (i) addressed investment banker issues; (ii) reviewed and

analyzed liquidity, DIP financing and cash flow projections; (iii) addressed lender inquiries regarding cash collateral; (iv) prepared a motion to approve DIP financing; (v) addressed budget and DIP loan term sheet issues; and (vi) prepared a DIP credit agreement and addressed issues relating thereto.

**Total Fees:  $59,856.50     Total Hours:  54.90**

**K.    General Business Advice**

32.    During the Stub Period, the Firm, among other things: (i) participated in weekly status calls with the Debtors; (ii) participated in board calls; (iii) communicated settlement negotiations to the Debtors; (iv) participated in settlement negotiations; (v) addressed tax and sale issues; and (vi) addressed corporate governance issues.

**Total Fees:  $30,190.50     Total hours:  29.90**

**L.    Hearing**

33.    Time billed to this category relates to: (i)  the preparation of and attendance, in person and by phone, at various hearings held during the Stub period; (ii) preparing hearing agendas; and (iii) finalizing orders.

**Total Fees:  $39,338.00     Total Hours:  46.30**

**M.    Non-Working Travel**

34.    During the Stub Period, the Firm incurred non-working time while traveling on case matters.  The Firm has billed this time at one-half the hourly rate.

**Total Fees:  $16,054.00     Total Hours:  28.40**

N.    **Plan & Disclosure Statement**

35.    During the Stub Period, the Firm, among other things; (i) prepared an amended plan ("Plan") and disclosure statement ("Disclosure Statement"); (ii) prepared a Plan solicitation procedures motion; (iii) addressed comments raised by the US Trustee to the Plan and Disclosure Statement; (iv) performed research relating to the US Trustee's objections; (v) addressed lender comments to the Plan and solicitation procedures motion; (vi) participated in board calls regarding Plan structure and issues; (vii) reviewed the Debtors' LLC agreement and analyzed corporate consents; (viii) addressed corporate/transactional matters; (ix) prepared a confirmation brief and order; (x) prepared a motion to extend the Debtors' exclusive period within which to file a Plan and solicit acceptances thereof; (xi) prepared for and attended the Plan confirmation hearing; and (xii) addressed effective date issues.

**Total Fees: $186,226.50    Total Hours: 190.00**

O.    **Retention of Professionals**

36.    During the Stub Period, the Firm, among other things: (i) addressed issues relating to the retention of Locke Lord; (ii) addressed lender comments regarding Alvarez & Marsal's retention; (iii) reviewed and provided comments to Maple Life's engagement agreement and addressed lender issues relating thereto; (iv) and addressed issues regarding Maple Life's retention from the US Trustee.

**Total Fees: $3,397.50    Total Hours: 3.70**

**Valuation of Services During the Stub Period of May 1, 2019 to June 19, 2019**

37.    Attorneys and paraprofessionals of PSZ&J expended a total of 815.60

hours in connection with the representation of the Debtors during the Stub Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Isaac M. Pachulski | Partner 2014; Member CA Bar 1979 | 1,395.00 | 18.10 | $25,249.50 |
| Jeffrey H. Davidson | Partner 2014; Member CA Bar 1977 | 1,395.00 | 2.00 | $2,790.00 |
| Richard M. Pachulski | Partner 1983; Member CA Bar 1979 | 1,345.00 | 136.50 | $183,592.50 |
| Richard M. Pachulski | Travel Rate | 672.50 | 13.90 | $9,347.75 |
| Laura Davis Jones | Partner 2000; Member DE 1986; Member DC Bar 1989 | 1,245.00 | 22.60 | $28,137.00 |
| David J. Barton | Partner 2000; Member CA Bar 1981 | 1,145.00 | 8.00 | $9,160.00 |
| Ira D. Kharasch | Partner 1987; Member AK & CA Bars 1982; Member NY Bar 2011 | 1,095.00 | 97.30 | $106,543.50 |
| Jeremy V. Richards | Partner 1990; Member CA Bar 1982 | 1,095.00 | 0.30 | $328.50 |
| Maxim B. Litvak | Partner 2004; Member TX Bar 1997; Member CA Bar 2001 | 925.00 | 195.00 | $180,375.00 |
| Maxim B. Litvak | Travel Rate | 462.50 | 14.50 | $6,706.25 |
| Jonathan J. Kim | Of Counsel; member Ca Bar 1999; Member CA Bar 1995 | 850.00 | 80.40 | $68,340.00 |
| Colin R. Robinson | Of Counsel 2012; Member NJ & PA Bars 2001; Member DE Bar 2010 | 795.00 | 88.70 | $70,516.50 |
| Gina F. Brandt | Of Counsel 2000; Member CA Bar 1976 | 795.00 | 0.50 | $397.50 |
| Greg Vincent Demo | Of Counsel 2019; Member Illinois Bar 2008; Member NY Bar 2015 | 795.00 | 2.30 | $1,828.50 |
| Peter J. Keane | Of Counsel 2018; Member PA Bar 2008; Member DE and NH Bars 2010 | 695.00 | 0.40 | $278.00 |
| Leslie A. Forrester | Law Library Director | 425.00 | 1.20 | $510.00 |
| Elizabeth C. Thomas | Paralegal 2016 | 395.00 | 3.60 | $1,422.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karina K. Yee | Paralegal 2000 | 395.00 | 78.00 | $30,810.00 |
| Patricia J. Jeffries | Paralegal 1999 | 395.00 | 8.30 | $3,278.50 |
| Andrea R. Paul | Case Management Assistant | 325.00 | 28.20 | $9,165.00 |
| Beatrice M. Koveleski | Case Management Assistant | 325.00 | 3.60 | $1,170.00 |
| Charles J. Bouzoukis | Case Management Assistant | 325.00 | 0.40 | $130.00 |
| Karen S. Neil | Case Management Assistant | 325.00 | 3.90 | $1,267.50 |
| Sheryle L. Pitman | Case Management Assistant | 325.00 | 7.90 | $2,567.50 |

Grand Total:      $743,911.00
Total Hours:         815.60
Blended Rate:      $912.10

38.     The nature of work performed by these persons is fully set forth in

Exhibits F, G, H, I and J hereto.  These are PSZ&J's normal hourly rates for work of this

character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the

Stub Period is $743,911.00.

Statement from PSZ&J

39.     Pursuant to the *Appendix B Guidelines for Reviewing Application for*

*Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in*

*Larger Chapter 11 Cases*, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes | | Time incurred reviewing and preparing PSZ&J monthly fee applications. |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in these Cases: <br> i.   Did your client review and approve those rate increases in advance? <br> ii.  Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | Yes | The terms of the Firm's engagement provides that the Firm may periodically adjust its billing rates. |

## Requested Relief

40.     By this Application, PSZ&J requests that the Court approve payment of

one-hundred percent (100%) of the fees and expenses incurred by PSZ&J during the Final Period

of November 14, 2018 through June 19, 2019 in the sum $2,130,825.50 (net of all write-offs and

reductions) as compensation for necessary professional services rendered, and actual and necessary expenses in the amount of $77,148.99 for a total of $2,207,974.49.

41.    All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

42.    PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J did not receive a retainer in these cases.

43.    The professional services and related expenses for which PSZ&J requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtors in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Debtors, their estates, their creditors and other parties in interest.

44.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and the Compensation Procedures Order and believes

that this Application complies with such Rule and order.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, in the

form attached hereto, providing that final allowance be made to PSZ&J for the period from

November 14, 2018 through June 19, 2019 in the sum $2,130,825.50 (net of all write-offs and

reductions) as compensation for necessary professional services rendered, and actual and

necessary expenses in the amount of $77,148.99 for a total of $2,207,974.49; that the Debtors be

authorized and directed to pay to PSZ&J the outstanding amount of such sums; and for such

other and further relief as may be just and proper.

Dated: July 31, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

                                        */s/ Colin R. Robinson*
                                        Richard M. Pachulski (CA Bar No. 62337)
                                        Ira D. Kharasch (CA Bar No. 109084)
                                        Maxim B. Litvak (CA Bar No. 215852)
                                        Colin R. Robinson (DE Bar No. 5524)
                                        919 North Market Street, 17th Floor
                                        P.O. Box 8705
                                        Wilmington, Delaware 19899-8705 (Courier 19801)
                                        Telephone: (302) 652-4100
                                        Facsimile: (302) 652-4400
                                        E-mail:    rpachulski@pszjlaw.com
                                                   ikharasch@pszjlaw.com
                                                   mlitvak@pszjlaw.com
                                                   crobinson@pszjlaw.com

                                        Counsel for the Debtors and Debtors in Possession

## DECLARATION

STATE OF CALIFORNIA          :
                             :
COUNTY OF LOS ANGELES        :

Richard M. Pachulski, after being duly sworn according to law, deposes and says:

a)       I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)       I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors.  Capitalized terms used in this Declaration have the same meanings ascribed in the *Fifth Monthly and Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession for the Period November 14, 2018 through June 19, 2019* (the "Application").

c)       I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Compensation Procedures Order signed on or about January 15, 2019, and submit that the Application substantially complies with such rule and orders.

                                        /s/ Richard M. Pachulski
                                        Richard M. Pachulski